No. 30,573.

THE STATE OF KANSAS, *Appellee*, v. CHARLES McCONNELL, *Appellant*.

(12 P. 2d 797.)

Opinion filed July 9, 1932.

W. C. *Harris* and W. L. *Harris*, both of Emporia, for the appellant.

*Roland E. Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *Clarence V. Beck*, county attorney, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: The defendant was convicted of the larceny of an automobile, from which he appeals.

It was charged in the information that the appellant did unlawfully, feloniously and willfully take, steal and carry away an automobile, the property of M. L. Baldwin. The evidence is to the effect that Baldwin was engaged in the business of renting Chevrolet cars in the city of Emporia, and that on June 8, 1929, he rented the car in question to the appellant and two other boys. The arrangement for renting the car was made with Weddle, who was one of the boys referred to. Weddle signed a receipt for the car, and the defendant deposited a $10 check. The boys rented the car to attend a dance at the Teachers College. They returned the car about four o'clock the next morning. They procured the further use of the car for the delivery of papers. After this was done they returned and were again permitted to take the car for further use. The car was driven by the three boys about the city of Emporia until about eleven o'clock when the boys separated, leaving the car with the appellant, and agreed that they would meet about one o'clock in the afternoon for the further use of the car. The appointment was kept by the appellant, but for some reason the other boys did not join him at the time they had agreed to meet. The appellant went to a filling station, procured gas and drove the car to Madison, Kan. On reaching Madison he concluded to drive the car to Wichita. There he met a friend with whom he stayed over night, and the next morning he took the car and started to go to Hutchinson. About twenty-seven miles west of Wichita he ran out of gas. He left the car by the side of the road and walked to a filling station. He was out of money and he attempted to obtain gas by offering to either trade or leave the spare tire with the proprietor of the filling station. This was refused. He left the car and returned to Wichita. He attempted to procure money with which to buy gas, but was unsuccessful and returned to his home at Emporia, arriving there between three and six o'clock the next morning. He related the circumstances of the taking of the car to his mother. The matter was reported to the county attorney, and he and his father voluntarily appeared and related all of the facts to the county attorney.

The appellant contends that the evidence in the case does not support the information, and if an offense was committed it was

embezzlement and not larceny. The court instructed the jury, in effect, that the burden was on the state to establish beyond a reasonable doubt that the original taking of the automobile, as charged in the information, was without the consent of the owner, and that at the time of the taking the appellant had the intent to permanently, and not temporarily, deprive the owner of his property, and to convert the same to the use of the appellant. It further instructed the jury that if the appellant obtained possession of the automobile with the consent of the owner by false or fraudulent pretense. when in fact at said time he intended to appropriate the car to his own use, that the taking of the car under such circumstances would constitute larceny. The instructions, we think, fairly state the law relating to larceny. (*State v. Woodruff*, 47 Kan. 151, 27 Pac. 842, 854; *In re Mutchler, Petitioner*, 55 Kan. 164, 40 Pac. 283; *State v. Shepherd*, 63 Kan. 545, 66 Pac. 236.)

The distinction between larceny and embezzlement lies in determining, in a particular case, whether there was a trespass in the original taking which is a wrong to the possession. The court made the distinction in the instruction, but it is urged that there is no evidence to support the finding of larceny. The guilt or innocense of the appellant depends on the presence or absence of a felonious intent. The evidence is to the effect that while the receipt for the automobile was signed by Weddle the required deposit was provided for by the appellant giving a check on a bank in which he had no account; that he had made the statement that he intended to go to Wichita; that as soon as the automobile was in his possession, instead of following instructions in obtaining gas and charging it to the owner, he filled the automobile with gas, paid for it himself and immediately left town. The jury had before it all of the circumstances relating to the transaction, and the intention of a person can only be determined from statements and conduct. There was sufficient evidence to warrant the jury in finding that the appellant was guilty of all the elements of larceny as charged in the information.

The appellant contends that the court erred in instruction number six in which it told the jury that evidence had been introduced on the part of the state "tending to show that temporary use of the automobile for hire was given and allowed only to one Leslie Weddle and that no possession was ever given and allowed to said defendant." The evidence was to the effect that Weddle asked about rent-

ing the car, and that he had rented cars of Baldwin at other times; that when the boys returned in the morning Weddle asked for the further use of the car. The evidence is not strong that Baldwin was dealing with Weddle and not with all of the boys. We think, however, there was sufficient evidence to warrant the court in giving the instruction, and this is especially true when the instruction is read in connection with instruction number ten wherein the court told the jury that the appellant could not be convicted if the car was taken with the consent of Weddle.

Error is claimed in the giving of other instructions and the refusal to give instructions requested by the appellant. We have examined the record and conclude that the requested instructions were properly refused and that the instructions given fairly covered the issues in the case. There is nothing in the record indicating that the appellant did not have a fair trial.

The judgment is affirmed.