No. 48,177

STATE OF KANSAS, *Appellee,* v. GREGORY K. FAULKNER, *Appellant.*

(551 P. 2d 1247)

154

Opinion filed June 12, 1976.

*William D. Mize,* public defender, Salina, argued the cause and was on the brief for appellant.

*James L. Sweet,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from a conviction following trial to a jury for possession of a controlled substance with intent to sell in violation of K. S. A. 1975 Supp. 65-4127b (*b*) (1).

The facts may be briefly summarized. At about 1:20 a. m. on January 25, 1974, two Salina policemen observed a vehicle driven by Jimmy Ritkers pull into the Gibson's parking lot and park behind the Sands Restaurant. The defendant-appellant, Gregory K. Faulkner, got out of the vehicle on the passenger side and walked toward the restaurant. He ignored one of the officer's repeated requests to stop until he reached the restaurant entrance. When the other officer approached the vehicle to ask the driver for identification, he observed a hypodermic needle and small plastic bag

of pills on the floorboard of the passenger side. A brown paper bag was also observed protruding from the glove compartment. This bag contained a large quantity of pills, many of which were the controlled substance amobarbital. The defendant was charged with possession of amobarbital with intent to sell and was subsequently convicted. He perfected this appeal and now asserts four trial errors.

The appellant first contends the district court erred in admitting, over his objection, an authenticated copy of the journal entry of judgment of a previous conviction without requiring evidence of surrounding facts and circumstances showing the similarity between the past and present crimes. The appellant's identity as the subject of the prior conviction was conceded. The journal entry showed that on July 7, 1972, the appellant was convicted of the crime of possession of a controlled substance in Green County, Missouri. Admission of the prior conviction pursuant to K. S. A. 60-455 was discussed at pretrial conference, and the evidence was offered at the end of the state's case in chief for the purpose of showing intent, knowledge and absence of mistake. After reference to other crimes in the journal entry was stricken, it was received in evidence for these limited purposes and the jury was instructed accordingly. No complaint against the instructions has been lodged.

K. S. A. 60-455 provides in pertinent part:

"Subject to section 60-447 evidence that a person committed a crime or civil wrong on a specified occasion is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, *subject to section . . . 60-445 . . . such evidence is admissible when relevant* to prove some other *material fact* including . . . intent . . . knowledge . . . or absence of mistake . . ." (Emphasis added.)

In ruling on the admissibility of evidence of a prior conviction under 60-455, a district court must (1) determine it is relevant to prove one of the facts specified in the statute, (2) determine that fact is a disputed material fact—*i.e.* that it is substantially in issue and (3) balance the probative value of the prior conviction evidence against its tendency to prejudice the jury.

Relevancy is more a matter of logic and experience than of law. Evidence is relevant if it has any tendency in reason to prove a material fact (K. S. A. 60-401 [*b*]), or if it renders the desired inference more probable than it would be without the evidence. (*State v. Baker*, 219 Kan. 854, 549 P. 2d 911.) Materiality, on the other hand, is largely a question of law. 22A C. J. S. *Criminal*

*Law,* § 637 (1961); Slough, *Relevancy Unraveled,* 5 Kan. L. Rev. 1 (1956). Materiality requires that the fact proved be significant under the substantive law of the case and properly at issue. Professor Slough makes this distinction:

". . . Though an evidential fact be relevant under the rules of logic, it is not material unless it has a legitimate and effective bearing on the decision of the ultimate facts in issue." (Slough, *Relevancy Unraveled,* 5 Kan. L. Rev. 1, 5 [1956].)

The materiality requirement of K. S. A. 60-455 was discussed in *State v. Bly,* 215 Kan. 168, 523 P. 2d 397, in these terms:

". . . Probative value consists of more than logical relevancy. Evidence of other crimes has no probative value if the fact it is supposed to prove is not *substantially in issue.* . . ." (*Id.* 176, 523 P. 2d 404.)

In *Bly* we held, in effect, that "materiality," for purposes of K. S. A. 60-455, contemplates a fact which has a legitimate and effective bearing on the decision of the case *and* is in dispute. If the fact is obvious from the mere doing of an act, or if the fact is conceded, evidence of other crimes to prove that fact should not be admitted because it serves no purpose to justify whatever prejudice it creates. (See 31A C. J. S. *Evidence,* §§ 159, 166 [1964].)

Here, the appellant was charged with possession of a controlled substance with intent to sell. Proof of "possession" was an essential element of the state's burden. The Uniform Controlled Substances Act, (K. S. A. 65-4101 *et seq.*) does not define "possession." (See K. S. A. 21-3102 [1].) In *State v. Neal,* 215 Kan. 737, 529 P. 2d 114, we defined "possession," citing PIK Criminal, Ch. 53.00, at p. 69 (1971):

"*Possession.* Having control over a place or thing with knowledge of and the intent to have such control. *State v. Metz,* 107 Kan. 593, 193 Pac. 177 (1920); *City of Hutchinson v. Weems,* 173 Kan. 452, 249 P. 2d 633 (1952). . . ."

The prior conviction was offered to prove knowledge, intent and absence of mistake. Both knowledge and absence of mistake are factors bearing on intent. Knowledge signifies awareness and is a requirement for "possession."

"Knowledge of the presence of a narcotic or dangerous drug as embraced within the concept of physical control with the intent to exercise such control is essential. . . ." (28 C. J. S., Drugs and Narcotics Supplement, § 160 [1974], p. 235.)

Absence of mistake simply denotes an absence of honest error; evidence of prior acts illustrates the doing of the criminal act in

question was intentional. Slough, *Other Vices, Other Crimes: An Evidentiary Dilemma*, 20 Kan. L. Rev. 411 (1972).

Evidence of the prior conviction was offered essentially to prove the specific intent required for "possession." Control was shown by circumstantial and testimonial evidence. Intent to exercise control over the amobarbital was disputed.

". . . Where an act in itself may be susceptible to two interpretations, one innocent and the other criminal, then the intent with which the act is done becomes the critical element in determining its character." (*State v. Nading*, 214 Kan. 249, 254, 519 P. 2d 714, 719.)

Whether the appellant had the specific intent required to prove possession was a highly material fact substantially in issue.

The appellant asserts that the *relevancy* of his prior conviction to prove intent was not shown because there was no evidence of surrounding circumstances showing similarity of the offenses. He argues we should adopt the same rule of relevancy for "intent" as we adopted for "identity" in *State v. Bly*, supra. Under *Bly*, before a prior conviction can be relevant to show the same person committed that crime and the crime charged, there *must* be a showing of the underlying facts and circumstances of the prior crime.

We think such a showing is unnecessary here. When identity is conceded, logic does not always require a showing of the underlying facts and circumstances of a prior conviction when it is offered to prove a specific intent. Under the facts of the instant case, the journal entry of judgment of the prior conviction for possession of a controlled substance raised a reasonable inference that the appellant was familiar with controlled substances and had knowledge of and intended to exercise control over the amobarbital. For other examples in which the journal entry of judgment by itself was relevant to prove specific intent, see *State v. Lohrbach*, 217 Kan. 588, 538 P. 2d 678; *State v. Kress*, 210 Kan. 522, 502 P. 2d 827.

We would caution that while, *ordinarily*, evidence of prior convictions of similar crimes is relevant to prove a specific intent without a showing of the specific facts and circumstances involved in the prior offense, this general rule must be tempered with the requirement of "similarity." The similarity of offenses is a key factor in relevancy. (*State v. Cross*, 216 Kan. 511, 532 P. 2d 1357; *State v. Masqua*, 210 Kan. 419, 502 P. 2d 728; 2 J. Wigmore, Evidence, § 302 [1940].)

To this we add Professor Slough's observations:

"Though many . . . pat rules of exclusion undoubtedly derive from the experience of generations, no one should insist that any rule, at any time

and in all circumstances be accepted as an article of faith. Absolute rules of exclusion, based not upon logic and comprehension of the elements of the individual case, but upon automatic precedent, greatly de-emphasize the importance of originality. . . ." Slough, *Relevancy Unraveled*, 5 Kan. L. Rev. 1, 13 (1956).

After determining that evidence of other crimes is relevant to prove a material fact which is substantially in issue, the district court must evaluate the prejudicial impact of such evidence under K. S. A. 60-445. The court may in its discretion exclude other crimes evidence if it finds its probative value is substantially outweighed by its prejudicial effect, confusion of the issues or misleading of the jury. (*State v. Bly,* supra; *State v. Davis,* 213 Kan. 54, 515 P. 2d 802.)

Where, as here, specific intent is in issue, prior convictions evidencing the requisite intent may be very probative. Here, the prior conviction was for an offense which was a necessary element of proof in the offense charged. It was sufficiently similar to be properly taken into consideration in regard to the intent required for "possession." We are of the opinion the probative value of this evidence sufficiently outweighs any possible prejudicial effect. The admission of the journal entry of judgment for the prior conviction of possession of a controlled substance without a showing of the underlying facts and circumstances was proper within the district court's discretion.

The appellant next contends the district court committed reversible error by permitting the state to impeach a defense witness on cross-examination by questioning him about prior convictions of crimes not involving dishonesty or false statement. The contention is without merit.

The appellant's objection to questioning about the witness' prior marijuana offense was sustained. The appellant lodged no objection to questions concerning two prior convictions for indecent exposure. Timely, specific objection is required to preserve a point for appeal. (*E. g., State v. Horne,* 215 Kan. 448, 524 P. 2d 697; *State v. Baker,* 204 Kan. 607, 464 P. 2d 212; K. S. A. 60-404.)

The appellant next argues that it was reversible error for the district court to permit the state to cross-examine him regarding prior instances in which he possessed drugs when he had not introduced evidence to support his credibility. The point is not well taken.

The appellant testified the drugs found in the car were not his

and that he had been unaware of their presence. On cross-examination, he stated he had not examined the drugs found in the car (state's Exhibits 1 through 7), but knew they did not belong to him because he "don't have drugs in his possession." Following this answer, the state, over objection, was allowed to cross-examine appellant about prior instances in which he had possessed drugs. Appellant was questioned about an instance in Missouri in 1972 where he was charged with sale of a controlled substance and convicted of possession of a controlled substance. He was also questioned about an instance in Salina some three months before the instant charge was filed where a police officer, present in the courtroom, had removed "whites" from appellant's wallet.

While a criminal defendant is privileged to testify in his own defense or to refuse to do so, that privilege cannot be construed to include the right to commit perjury. Having voluntarily taken the stand, the appellant was under an obligation to speak truthfully and accurately. Where appellant went beyond a mere denial of the crime charged and made a blanket denial of ever possessing drugs, the district court, under the facts and circumstances of this case, properly allowed the state to test the truthfulness of his denial. (See *Harris v. New York*, 401 U. S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643; *Walder v. United States*, 347 U. S. 62, 98 L. Ed. 503, 74 S. Ct. 354; *State v. Giddings*, 216 Kan. 14, 531 P. 2d 445.)

The state's questions on cross-examination did not seek to prove a bad trait of appellant's character; rather, they sought to contradict an item of appellant's testimony that was relevant to an issue in the case. For an excellent discussion on the distinction between these two modes of impeachment, see 3A J. Wigmore, Evidence, §§ 977-988, 1000-1046 (Chadbourn rev. 1970). We find no abuse of discretion by the district court in weighing the probative value and prejudicial effect of this evidence and allowing its admission. (K. S. A. 60-445.)

Finally, the appellant contends the verdict of the jury finding him guilty of possession of amobarbital with intent to sell was not supported by the evidence. We disagree.

In considering the sufficiency of evidence to sustain a conviction, this court does not weigh the evidence; it merely ascertains whether there is a basis in the evidence for a reasonable inference of guilt. If the essential elements of the charge are supported by any competent evidence, the conviction must stand. (*E. g. State v. Baker*, supra; *State v. Soverns*, 215 Kan. 775, 529 P. 2d 181.)

Possession and intent, like any element of a crime, may be proved by circumstantial evidence. (See *State v. Gander,* 220 Kan. 88, 551 P. 2d 797; *State v. Braun,* 209 Kan. 181, 495 P. 2d 1000; *State v. Townsend,* 201 Kan. 122, 439 P. 2d 70; *State v. McConnell,* 136 Kan. 30, 12 P. 2d 797; 28 C. J. S., Drugs and Narcotics Supplement, § 199 [1974].) An excellent annotation —Conviction of Possession of Illicit Drugs Found in Automobile of which Defendant was not Sole Occupant, 57 A. L. R. 3d 1319 [1974]—is instructive. The better view appears to be that when illicit drugs are found in an automobile containing more than one person, the defendant's mere presence in the vehicle, without more, would not sustain his conviction for possession. Other circumstances which have been held sufficiently incriminating to link a defendant with illicit drugs in a vehicle are his previous participation in the sale of drugs, his use of narcotics, his proximity to the area where drugs are found and the fact the drugs were found in plain view. While none of these circumstances, by itself, may be sufficient to support a conviction, taken together they provide a sufficient inference of knowing possession to support the verdict.

In the instant case, the evidence viewed in the light most favorable to the state showed that the defendant went to Jimmy Ritkers' house about 1:00 a. m. on January 25, 1974, and asked for a ride to a local restaurant so he could see his girl friend. Upon getting into the car, Ritkers asked the defendant if he had any drugs on him, and the defendant replied in the affirmative. Ritkers asked him if he wanted to stash them somewhere, and the defendant said no, he would take them with him. Ritkers testified that when he had been in the car the previous afternoon, there were no pills in the glove compartment and no pills or hypodermic needle on the floorboard. When stopped by officers, the appellant appeared "high," but no alcohol smell was detected. All the drugs were found on the appellant's side of the vehicle—on the floorboard and in the glove compartment. All the drugs were in plain view. Evidence of the appellant's prior conviction for possession of a controlled substance was admitted to prove the specific intent required for possession. This evidence supports a finding that the appellant was in possession of the controlled substance.

Guidance on the sufficiency of evidence for intent to sell is provided by 28 C. J. S., Drugs and Narcotics Supplement, § 211 [1974]:

"In order to sustain a conviction for possession of narcotics or dangerous drugs for purpose of sale, there must be sufficient proof of possession of such

drugs, and proof that the possession was for the purpose of sale. Such proof may be circumstantial and may consist of evidence as to quantity of the narcotic, . . . place it was found, manner of packaging, and opinion of experts that the narcotic was packaged for sale." (p. 317.)

The evidence showed appellant possessed 667 tablets containing amobarbital and 616 tablets of other uncontrolled substances. The amobarbital was packaged in five bags each containing 100 tablets and in several other bags containing smaller quantities. Slips of paper with handwritten notations indicating the quantity and strength of the pills were found with the bags. A police officer with seven years' experience in drug cases gave opinion testimony to the effect that the packaging of the drugs in lots of 100 and the written notations of quantity and strength indicated the drugs were for sale rather than personal use. A forensic chemist testified that amobarbital is distributed to pharmacies and doctors in dosages of 100 and that he had not seen amobarbital distributed to individuals in dosages greater than 25. This evidence provided ample support for a finding of intent to sell.

The judgment is affirmed.