(574 P.2d 243)

No. 49,091

STATE OF KANSAS, *Appellee*, v. JIMMY LEE BULLOCKS, *Appellant.*

Opinion filed February 3, 1978.

*Thomas E. Foster,* legal intern, and *Randall B. Jones,* supervising attorney of Washburn Legal Clinic, of Topeka, for the appellant.

*Thomas D. Haney,* assistant district attorney, *Gene M. Olander,* district attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before SPENCER, P.J., FOTH and SWINEHART, JJ.

SPENCER, J.: Defendant appeals from conviction by a jury of possession of marijuana (K.S.A. 1976 Supp. 65-4127b[a][3]).

On May 6, 1976, Topeka police officers executed a search warrant for marijuana at 3316 DuPont in Topeka. When the

officers arrived, they found the defendant in the process of backing a van out of the driveway. Defendant was stopped and he and the van were searched, but no contraband was found. The officers then proceeded to make a search of the dwelling, in which they found and seized two pipes which smelled strongly of marijuana, a screen, and an envelope from the Topeka Legal Aid Society addressed to defendant at that address. In a hall closet they found a coat, in the pocket of which were marijuana cigarette butts. The size of the coat made it obvious that it did not belong to defendant. In front of the house they found a trailer containing gardening equipment, which defendant acknowledged belonged to him and was used by him in doing yard work. The trailer was covered with a canvas top. When the canvas was removed, the officers found a paper bag containing about one pound of marijuana, which had been placed beneath a small garden tractor on that trailer. When first asked his address the defendant replied it was 808 Wood, but when asked where he was now staying he replied at the house in question, 3316 DuPont. There was a path across an open area near the house and the trailer used by people as a shortcut between DuPont and Colfax. After the search was made, the defendant and another individual, who also resided at that address, were arrested. Charges against the other individual were subsequently dropped. No issue is presented as to the validity or scope of the search.

Defendant contends that the evidence was insufficient to support the verdict. He argues that the evidence was circumstantial and the verdict was based on inferences and not on facts. The rule on review was recently stated in *State v. Johnson*, 222 Kan. 465, 565 P.2d 993:

"When considering the sufficiency of circumstantial evidence to sustain a conviction of a crime on appeal the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt. That question was for the jury and the trial court. The appellate court's function is limited to ascertaining whether there is a basis in the evidence for a reasonable inference of guilt." (Syl. 1.)

"Possession" of marijuana is having control over the marijuana with knowledge of, and intent to have, such control. Possession and intent, like any element of a crime, may be proved by circumstantial evidence. *State v. Faulkner*, 220 Kan. 153, 551 P.2d 1247. Possession may be immediate and exclusive, jointly held with another, or constructive as where the drug is kept by the

accused in a place to which he has some measure of access and right of control. *State v. Woods,* 214 Kan. 739, 744, 522 P.2d 967.

When a defendant is in nonexclusive possession of premises on which drugs are found, the better view is that it cannot be inferred that the defendant knowingly possessed the drugs unless there are other incriminating circumstances linking the defendant to the drugs. See Annot., "Conviction of Possession of Illicit Drugs Found in Premises of which Defendant was in Nonexclusive Possession," 56 A.L.R.3d 948 (1974). Such parallels the rule in Kansas as to a defendant charged with possession of drugs in an automobile of which he was not the sole occupant. *State v. Faulkner,* supra. Incriminating factors noted in *Faulkner* are a defendant's previous participation in the sale of drugs, his use of narcotics, his proximity to the area where the drugs are found, and the fact that the drugs are found in plain view. Other factors noted in cases involving nonexclusive possession include incriminating statements of the defendant, suspicious behavior, and proximity of defendant's possessions to the drugs.

There is nothing to link defendant with the marijuana found in the pocket of the coat and the evidence is insufficient to support an inference of knowing possession as to the marijuana found there. However, the evidence is clear that the trailer located in the front yard of the premises, and the equipment on that trailer, belonged to defendant and were used by him in doing yard work. In light of that fact, the marijuana paraphernalia consisting of the two pipes and the screen, which the evidence indicates were found in plain view in the house, becomes relevant. The open display of such paraphernalia tends to show knowledge and absence of mistake bearing on defendant's intent to possess the marijuana found in his trailer. We conclude that a reasonable inference of defendant's guilt was established. Although they might well have found otherwise, the question was properly one for the jury.

Defendant argues that the paraphernalia and the envelope from the Legal Aid Society were improperly admitted into evidence. He contends that the paraphernalia could only raise an inference that defendant used marijuana, which could in turn be used to support the inference of knowing possession as to the marijuana found in the trailer. Since the paraphernalia so viewed would be part of a chain of inference on inference, and could not support a

conviction (*State v. Gobin,* 216 Kan. 278, 531 P.2d 16), defendant argues the items lacked relevance and should not have been admitted. As has already been stated, the openly displayed paraphernalia served not just as the basis for an inference that defendant used marijuana (although such an inference might be warranted), but as evidence of his knowledge and intent, both elements of possession. Evidence is relevant if it renders the desired inference more probable than it would be without the evidence, or if it has any tendency in reason to prove any material fact. *State v. Faulkner,* supra; *State v. Baker,* 219 Kan. 854, 549 P.2d 911. The items were relevant and properly admitted. The admission of the envelope was to show that defendant lived at the address in question. Although not an element *per se* of the charge, the fact that defendant lived in that house was relevant to the question of his control over marijuana found on the premises, and there was no error in admitting the envelope.

Defendant next contends that the trial court erred in giving the jury an additional instruction after the jury had begun deliberations, and in not allowing further argument to the jury after the additional instruction had been given. The court's instructions provided in part:

"No. 2

"The law places the burden upon the State to prove the defendant is guilty . . . .

" . . . The test you must use is this: If you have a reasonable doubt as to the defendant's guilt of any element of the offense, you should find the defendant not guilty. If you have no reasonable doubt as to his guilt of all the elements of the offense, you should find the defendant guilty."

"Instruction Number 4

"Unlawful possession of a prohibited drug as contemplated by the law is the exercise of dominion thereover or the right and authority to possess, control and manage its use and disposition with knowledge of and the intent to have such control."

"Instruction Number 5

"Mere proximity to a drug, mere presence on the property where it is located, or mere association, without more, with the person who does control the drug or the property on which it is found, is insufficient to support a finding of possession."

After the jury had deliberated for a short time, the court received the following written communication from the jury:

"Is it possible under this law especially Instruction # 5 to find a person guilty of possession of marijuana?

"We would like further interpretation of what is meant by 'without more.'

"Does 'without more' actually mean more evidence, more marijuana, or something else.

"What constitutes 'reasonable' doubt?

"Does this have to do with the difference between probable and possible?

"What is in 'control of'?"

After consultation with both attorneys, the court prepared the following additional instruction:

"Members of the Jury:

"This is in response to your request for further instructions.

"It is possible under the law and as you were instructed by instruction No. 5 to find a person guilty of possession of marijuana if you find from the evidence the State has sustained its burden of proof as the State's burden of proof is defined by instruction No. 2.

"The words 'without more' may have been a poor choice of words so rather than use those words further I will restate the point I attempted to convey by instruction No. 5. Instruction No. 5 was intended to instruct you that if the State only proves the defendant was in the proximity of a drug or that the drug was present on his property the State has failed to prove the defendant possessed the drug. Before you may find the defendant guilty you must find the defendant possessed the drug as possession is explained in instruction No. 4.

"The State's burden of proof is greater than proving the defendant is probably guilty, but the State is not required to prove the defendant's guilt beyond any possibility of doubt.

"The Court is unable to express the idea intended to be conveyed by the use of the words 'reasonable doubt' and 'control' more clearly by the use of any other words. These words have no special legal meaning and you are to assign to these words their definition as they are used in ordinary usage.

"These additional instructions in response to your request should be construed in the light of the instructions initially given you by the Court and considered along with them."

The State made no objection to the additional instruction. Defendant objected generally to giving the additional instruction, but stated that "if the Court is to further instruct at all, the instruction as given is the best; that the defendant feels is the best thing that could be said specifically to them . . . ."

K.S.A. 22-3420(3) provides:

"After the jury has retired for deliberation, if they desire to be informed as to any part of the law or evidence arising in the case, they may request the officer to conduct them to the court, where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of the defendant, unless he voluntarily absents himself, and his counsel and after notice to the prosecuting attorney."

The giving of an additional instruction under this statute rests in the sound discretion of the trial judge (*State v. Sully*, 219 Kan.

222, Syl. 8, 547 P.2d 344), but circumstances may create a duty to provide further instructions (*State v. Bandt,* 219 Kan. 816, Syl. 3, 549 P.2d 936). In *State v. Bandt,* supra, defendant was charged with receiving stolen property. The key issue was whether he had knowledge that the items were stolen at the time he received them. The court correctly instructed the jury that it had to find the defendant received the property, knowing it to be stolen. After deliberating for a time, the jury asked further guidance as to whether the defendant had to have that knowledge at the time he received the property or if it was sufficient that he gained such knowledge at any time after the property was in his possession. The trial court, after allowing argument on the point before the jury, refused an additional instruction. The Supreme Court reversed noting K.S.A. 60-248(*e*), which at that time was similar to K.S.A. 22-3420(3), and stating that although the original instructions were correct:

" . . . In view of the confusion of the jury the trial court had a positive duty to clarify its former instructions by instructing the jury that the defendant must have had knowledge that the property was stolen at the time it was delivered to him by Trammel. The failure of the trial court to give to the jury this additional information was clearly prejudicial and denied to the defendant a fair trial. We wish to make it clear that instances may sometimes occur in the course of a trial where the jury raises questions which are irrelevant or which are already adequately covered by the original instructions. Under those circumstances the trial court may decline to answer such questions and direct the jury to reread the instructions already given. A trial court is vested with a great amount of discretion in answering questions directed to him by a jury after the jury has begun its deliberations. The important consideration is that the jury be properly instructed on the essential issues presented at the trial and this is particularly true in a criminal proceeding where the question presented by the jury involves the basic elements of the criminal offense on which the defendant is being tried." (219 Kan. at 823-824.)

In this case, the question of the jury indicates confusion and the court did not abuse its discretion in giving the additional instruction.

Defendant contends the trial court should have allowed further argument to the jury after giving the additional instruction. *State v. Neal,* 215 Kan. 737, 529 P.2d 114, was a case wherein the defendant was charged with unlawful possession of a firearm. The trial court rejected a requested instruction defining possession and did not instruct as to the need to find intent to control and use the firearm. After retiring, the jury requested information

as to the "role of intent" in the offense. The trial court responded with an additional instruction somewhat misleading as to intent. The Supreme Court held that the failure to give an instruction defining possession as including the necessary intent was error. The additional instruction was held not to cure this error because it was misleading and also because defendant was denied a fair opportunity to present his theory of the case measured by the applicable law. Since the additional instruction presenting *for the first time* the element of intent was given the jury after oral argument, defendant was precluded from making any effective argument based on the needed element of intent. (215 Kan. at 741.)

The ABA Standards for Criminal Justice, Trial by Jury (Approved Draft, 1968) § 5.3(d) provides that when an additional instruction is given after the jury has retired "the court in its discretion shall decide whether additional argument will be permitted." The commentary to this section states:

"Although there are few cases which deal with the issue, the general rule seems to be that the defendant has a right to additional argument on any new or different principles of law contained in the new instructions if he makes a timely assertion of his right. Annot., 15 A.L.R.2d 490 (1951). Most of the decisions say it is prejudicial error to deny the defendant his opportunity to make this additional argument, although one court has held that this is a matter in the discretion of the trial court. State v. Linden, 171 Wash. 92, [17] P.2d 635 (1932). The Advisory Committee is of the view that the court should have the discretion to decide whether the new instructions call for further argument to the jury, and section 5.3(d) so provides. This discretion may be abused, of course, as when argument is refused after additional instructions which submit another offense to the jury." (p. 145.)

Where, as in *State v. Neal,* supra, a new element is introduced in the additional instruction, the sound exercise of judicial discretion will ordinarily require further argument. In this case, however, no new element was presented in the additional instruction. It merely clarified what had already been given the jury. Defendant's counsel had argued the evidence as to possession in his closing statement. Under the circumstances, we cannot say the trial court abused its discretion in not allowing further argument.

Defendant's contention that the refusal of additional argument constituted a denial of his constitutional right to counsel is without merit. His counsel was consulted in the preparation of the additional instruction and the elements of that instruction were included in his closing argument.

It is urged that the additional instruction was coercive in that the first sentence subtly suggests that the judge believes the defendant to be guilty. No objection to the content of the instruction was made at trial. In fact, defendant's counsel stated that, if an additional instruction was to be given, the one given was the best. No party may assign as error the giving of an instruction unless he objects before the jury retires, stating distinctly the matter to which he objects. K.S.A. 22-3414(3); *State v. Wilson,* 221 Kan. 92, Syl. 2, 558 P.2d 141. This rule applies to additional instructions given after the jury has previously deliberated. *State v. Giddings,* 216 Kan. 14, 25-26, 531 P.2d 445. Even if defendant's claim that the additional instruction was coercive was considered, it is without merit. The additional instruction must be considered together with the instructions already given (*State v. Williams,* 196 Kan. 628, 636-637, 413 P.2d 1006), which it directed the jury to do. The instructions together correctly stated the law, told the jury that the State had the burden of proof, and that only if the jury believed defendant to be guilty without a reasonable doubt on all of the elements of the crime could they find him guilty.

As his last point on appeal, defendant argues that he was prejudiced by a witness' reference to a previous trial matter. The record reveals that, at the time the warrant was executed, certain photographs were used in the trial of this matter in magistrate court. During trial in district court, the officer who had taken the photographs was asked if he had since seen them, to which he replied: "Yes, they were introduced in another trial matter." Defendant contends this statement was prejudicial because it implied that he had previously been found guilty. In response to objection, the trial court immediately restricted further questioning in reference to the photographs. We cannot say that defendant was prejudiced by this statement and reversible error has not been shown.

Judgment affirmed.