(908 P.2d 1324)

No. 72,494

STATE OF KANSAS, *Appellee*, v. JAMES M. ALLEN, JR., *Appellant*.

Opinion filed December 22, 1995.

*Jean K. Gilles Phillips*, assistant appellate defender, *David McGhee*, student intern, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Tony W. Rues*, assistant district attorney, *Joan Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., MARQUARDT, J., and E. NEWTON VICKERS, District Judge Retired, assigned.

MARQUARDT, J.: Defendant James M. Allen, Jr., was tried by a jury and convicted of one count of possession of cocaine, one count of possession of drug paraphernalia, one count of failure to pay the Kansas drug stamp tax, and one count of driving while a habitual violator.

Allen appeals his conviction, contending that the trial court abused its discretion in denying his motion to suppress the cocaine as a fruit of an unlawful search and in permitting late endorsement of a State witness; the record contains insufficient evidence to support his cocaine conviction; and the Drug Tax Stamp Act is unconstitutional.

Officers recognized Allen as a felon who had had his driver's license suspended and observed that he was driving with his car stereo blaring in violation of the City of Topeka Code § 142-191 (1994). The officers decided to stop him. Allen made eye contact with the officers. One of the officers stated, "[I]t appeared as if when we started after him, that he sped up a little bit."

The two officers were travelling on mountain bikes and were having difficulty catching up with Allen's vehicle; they attempted to contact a nearby patrol car to assist in the stop. Allen made a right turn behind the patrol car, but the bicycle officers were unable to contact the patrol car. The officers did not signal for Allen to pull over. Allen then made a quick left turn into a Total gas station, drove between the gas pumps, and exited the lot. He made another quick right turn down an alley and pulled into the back of Topeka Bodyworks, an auto body repair shop. Allen exited his vehicle and ran into the body shop. Officer Glor arrived on the scene ahead of his partner, Officer Wilson, who had continued after the patrol car. A man who has an alignment shop in the rear of the building directed Glor to a locked restroom door, indicating Allen had gone inside.

Officer Glor stood outside the door to listen for movement. Wilson arrived and joined Glor outside the locked restroom door. After a moment, the door opened, and Allen emerged. Glor handcuffed Allen, took him and laid him over the car and searched his person. Officer Wilson searched the restroom, where he recovered, from inside a roll of toilet paper, a plastic container holding 21 individually packaged pieces of rock cocaine.

Allen filed a motion to suppress the evidence of the crack cocaine. The trial court denied Allen's motion.

1. Arrest

Allen first alleges that the trial court committed reversible error in failing to quash the arrest, in that the officers lacked probable cause, and in failing to suppress the cocaine as the fruit of an illegal search. " 'Probable cause exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.' " *State v. Morin,* 217 Kan. 646, 648, 538 P.2d 684 (1975) (quoting *Brinegar v. United States,* 338 U.S. 160, 175-176, 93 L. Ed. 1879, 69 S. Ct. 1302 [1949]).

Officer Glor testified that once Allen passed him on the street, Allen's conduct led Glor to believe that Allen was attempting to elude him. Allen's attempt to elude the officers, in conjunction with Glor's recollection that Allen's license had been suspended previously and that Allen's license "was probably still felony suspended," supported the arrest. As Glor was cuffing Allen, Allen began yelling, "You didn't see me driving. You can't arrest me. You didn't see me driving. You can't arrest me."

Officer Glor testified that safety was a paramount concern of the officers in handcuffing Allen. Glor stated "in the past, with my contacts with Mr. Allen, as with other officers, he's been known both to possess narcotics and weapons, so it was a safety factor from the get-go." This, in conjunction with Glor's belief that Allen was trying to elude him, justified the officers' resort to handcuffs.

With all these factors present, there was probable cause for the arrest.

2. Search

The general rule in Kansas is that an individual must have his or her own personal expectation of privacy in the area searched in order to have standing to challenge that search. *State v. Worrell,* 233 Kan. 968, 970, 666 P.2d 703 (1983); see also *State v. Epperson,* 237 Kan. 707, Syl. ¶ 6, 703 P.2d 761 (1985) ("Ordinarily, a passenger, one who is neither an owner nor in possession of an automobile, has no standing to challenge a search of the automobile.").

Officers in the present case had the absolute right to enter and search the restroom. Allen had no expectation of privacy in the restroom. Under K.S.A. 22-2501, "[w]hen a lawful arrest is effected a law enforcement officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of. . . (c) Discovering the fruits, instrumentalities, or evidence of the crime."

3. Due Process

The Due Process Clause requires the State to prove each element of a crime charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Allen argues that the record is devoid of evidence to support the possession element of simple possession of cocaine.

"If the sufficiency of evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Timley*, 255 Kan. 286, Syl. ¶ 13, 875 P.2d 242 (1994).

The evidence in support of Allen's conviction for possession is circumstantial. That fact alone does not undermine Allen's conviction. See *State v. Bullocks*, 2 Kan. App. 2d 48, 49, 574 P.2d 243, *rev. denied* 225 Kan. 846 (1978), citing *State v. Faulkner*, 220 Kan. 153, Syl. ¶ 13, 551 P.2d 1247 (1976) ("Possession and intent, like any element of a crime, may be proved by circumstantial evidence."). Possession need not necessarily be immediate and exclusive but may be constructively established. *State v. Rose*, 8 Kan. App. 2d 659, 664, 665 P.2d 1111, *rev. denied* 234 Kan. 1077 (1983).

In *Bullocks*, this court ruled that "[w]hen a defendant is in nonexclusive possession of premises on which drugs are found, the better view is that it cannot be inferred that the defendant knowingly possessed the drugs unless there are other incriminating circumstances linking the defendant to the drugs." 2 Kan. App. 2d 48, Syl. ¶ 2. Those factors that may be considered in support of constructive possession include a defendant's previous participation in the sale of drugs, his or her use of narcotics, his or her proximity to the area where the drugs are found, the fact that the drugs are found in plain

view, incriminating statements of the defendant, suspicious behavior by the defendant, and proximity of the defendant's possessions to the drugs themselves. *Bullocks*, 2 Kan. App. 2d at 50.

Allen was seen running into the body shop restroom. Moments later he emerged from the restroom. The officers did not hear the toilet flush, nor did they hear running water. The cocaine was found in the very restroom from which Allen emerged. After Wilson advised Glor that Allen should be charged with possession of cocaine with intent to sell, Allen stated something to the effect that the cocaine found in the restroom was not his. Wilson had never mentioned to Allen where the cocaine was found. The record contains sufficient evidence to support the jury's guilty verdict. This was not a case where the jury's verdict was based upon stacked inferences, as Allen contends. His argument under this issue fails.

4. State's Late Endorsement of a Prosecution Witness

K.S.A. 1994 Supp. 22-3201(g) provides:

"The prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. The prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the prosecuting attorney, at times that the court may by rule or otherwise prescribe."

This court must consider this issue under an abuse of discretion standard of review; the final determination is whether the defendant's rights have been prejudiced. See *State v. Bryant*, 227 Kan. 385, 386-87, 607 P.2d 66 (1980). This court should reverse the trial court's late endorsement of Listrom only if no reasonable person would have taken the view adopted by the trial court. See *State v. Lumbrera*, 257 Kan. 144, 148, 891 P.2d 1096 (1995). Our Supreme Court has further narrowed the appellate court's role in reviewing this type of issue. An appellate court will "generally [approve] the late endorsement unless the defendant was surprised *and* the testimony was critical." (Emphasis added.) *State v. Bright*, 229 Kan. 185, 192, 623 P.2d 917 (1981).

The trial court agreed that the State's endorsement of Listrom as a witness was untimely. However, the court ruled that the late endorsement did not prejudice the defendant and therefore per-

mitted Listrom's inclusion as a witness for the State. Even conceding satisfaction of the surprise element, Allen fails to satisfy the element of prejudice, *viz.*, that testimony of the "surprise" witness was of "a climactic and highly damaging nature." *State v. Stafford*, 213 Kan. 152, 164, 515 P.2d 769 (1973).

Allen challenges Listrom's testimony on the value of the cocaine and his testimony on Allen's intent to sell (on which the jury failed to convict).

In Kansas, "[t]o sustain a claim of reversible error, a defendant must have objected to the late endorsement *and* must have been denied a request for a continuance of the trial." (Emphasis added.) *State v. Beebe*, 244 Kan. 48, Syl. ¶ 3, 766 P.2d 158 (1988). Allen did not request a continuance. His excuse for not requesting the continuance, that "it would have been especially awkward for defense counsel to ask for a continuance when the jury had already been empaneled, and the trial court did not allow defense counsel an opportunity to interview Detective Listrom," is not persuasive. In addition, Allen fails to demonstrate prejudice resulting from Listrom's testimony.

5. Constitutionality of the Kansas Drug Tax Stamp Act

Allen argues that the Drug Tax Stamp Act violates constitutional guarantees against double jeopardy. Allen cites the recent United States Supreme Court decision, *Montana Dept. of Rev. v. Kurth Ranch*, 511 U.S. ___, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994), in support of his position. Subsequent to the filing of appellate briefs in the present case, our Supreme Court upheld the constitutionality of the Kansas Drug Tax Stamp Act, K.S.A. 1994 Supp. 79-5201 *et seq.*, even in light of the *Kurth Ranch* decision. *State v. Gulledge*, 257 Kan. 915, 896 P.2d 378 (1995).

The *Gulledge* court held the Kansas drug tax statute to be sufficiently distinguishable from the Montana statute. In addition, the *Gulledge* court approved earlier Kansas appellate court decisions upholding the drug tax stamp prior to *Kurth Ranch*. 257 Kan. at 930. " 'This court is duty bound to follow the law as established by Kansas Supreme Court decisions, absent some indication the Supreme Court is departing from its previously expressed position.' " *Gruhin*

*v. City of Overland Park*, 17 Kan. App. 2d 388, 391, 836 P.2d 1222 (1992) (quoting *Batt v. Globe Engineering Co.*, 13 Kan. App. 2d 500, 507-08, 774 P.2d 371, *rev. denied* 245 Kan. 782 [1989]). Allen's argument in that regard fails.

Affirmed.