James WILBON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–95–0375–CR.

Court of Appeals of Texas,
Amarillo.

Sept. 6, 1996.

Discretionary Review Refused
March 26, 1997.

Harold L. Comer, Pampa, for appellant.

John Mann, District Attorney, Tracey L. Jennings, Assistant District Attorney, Pampa, for appellee.

Before BOYD and QUINN, JJ., and REYNOLDS, Senior Justice.*

BOYD, Justice.

In a point of error contending that he was deprived of the effective assistance of counsel during the punishment hearing, appellant challenges his punishment of 27 years confinement in the Institutional Division of the Texas Department of Criminal Justice, assessed after his murder conviction. The thrust of his attack is that the trial court

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1996).

reversibly erred in refusing to permit his counsel to argue a supplemental charge on the parole law given after the jury had retired to begin its punishment deliberations. Disagreeing with his contentions, we affirm the judgment of the trial court.

The trial court's initial punishment charge, submitted to the jury without objection, did not contain any reference to Texas parole law. However, during the jury's deliberations on punishment, it returned a note to the trial judge inquiring how long appellant would actually be confined under a 20–year sentence. In response, over appellant's objection, the trial court gave a supplemental charge to the jury enunciating the general principles of the Texas parole law as explicated in Tex.Code Crim.Proc.Ann. art. 37.07, § (4)(b). Both before and after the submission of the supplemental charge, appellant's counsel unsuccessfully sought the opportunity to argue the supplemental charge. Subsequently, the jury returned a verdict assessing a 27–year punishment.

In our discussion of this appeal, we must decide if the trial court's refusal to permit argument on the supplemental charge did, indeed, deprive appellant of the effective assistance of counsel at the punishment hearing. If we so find and cannot determine from the record that the error did not contribute to the length of his sentence, we must determine whether appellant is entitled to a new punishment hearing under Tex.R.App.P. 81(b). In particular support of appellant's argument that he is entitled to a new punishment hearing, he points out that although the jury note addressed confinement time upon a sentence of 20 years, after the reading of the supplemental charge, the jury assessed appellant's punishment at 27 years confinement.

It is now axiomatic that the right to effective assistance of counsel in a criminal case is one guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution and Article 1, Section 10, of the Texas Constitution. See Herring v. New York, 422 U.S. 853, 858, 95 S.Ct. 2550, 2553–54, 45 L.Ed.2d 593 (1975). In advancing his argument that reversal is required, appellant places primary

reliance upon the decisions in the Herring case and Ruedas v. State, 586 S.W.2d 520, 522 (Tex.Crim.App.1979). However, both of those decisions are inapposite to the question before us because in each of them, the trial courts had denied counsel the right to argue upon completion of the trial evidence and prior to commencement of the decision making process. In this case, it is undisputed that appellant's counsel did argue after the evidence was closed and before the jury retired to make its decision on punishment.

■ In its supplemental charge, the trial court specifically instructed the jury that it was "not to consider the manner in which the parole law may be applied to this particular defendant." We generally presume, though the presumption is rebuttable, that a jury follows the instructions given by the trial judge in the manner presented. Rose v. State, 752 S.W.2d 529, 554 (Tex.Crim.App. 1987).

In considering the court's action in giving the supplemental charge, we have noted the court's decision in Ramos v. State, 831 S.W.2d 10 (Tex.App.—El Paso 1992, pet. ref'd). In that case, without objection, no parole law instruction was given. However, in the appellate court's words, "it later became obvious that the jury was, on its own initiative, considering the effects of parole law in direct violation of the statute.[1] As a result, we conclude the issue was revived, and it became incumbent upon the trial court to give the jury a curative instruction that they did not cloud their deliberations with parole." Id. at 18. However, although appellant objected to its failure to do so, the trial court refused to give a parole law instruction. According to the court, this refusal was error because "the record does not establish beyond a reasonable doubt that the trial court's refusal to instruct the jury to disregard any parole law consideration did not contribute to the assessment of the 40 year sentence." Id. at 19. Thus, in this case, the giving of the supplemental instruction was an appropriate clarifying measure.

1. Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1996).

In *Christoph v. State,* 166 Tex. Crim. 453, 314 S.W.2d 840 (1958), the court explicated that the constitutional rights of an accused to be heard in jury argument of necessity must be restricted to matters which come within the province of the jury for their consideration. Improper denial of a jury argument constitutes a denial of the right to counsel only when the jury argument is one the defendant is entitled to make. *McGee v. State,* 774 S.W.2d 229, 238 (Tex.Crim.App. 1989), *citing Johnson v. State,* 698 S.W.2d 154 (Tex.Crim.App.1985). It is established that the matter of parole or an inmate's release on parole is not a proper consideration for jury deliberation at punishment. *Ramirez v. State,* 815 S.W.2d 636, 653 (Tex. Crim.App.1991), *citing O'Bryan v. State,* 591 S.W.2d 464 (Tex.Crim.App.1979). It is a corollary of that rule that testimony concerning parole is also improper. *Stoker v. State,* 788 S.W.2d 1, 16 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990).

The supplemental charge given to the jury was a clarifying measure, not an attempt to correct information in an incorrect charge. In addition to the cases holding that the matter of an inmate's release on parole is not a proper consideration for juries deliberating punishment, it is also established that the failure to allow counsel to argue from a supplemental/changed charge operates to deprive a defendant of "a valuable right" only when the charge that was actually argued was erroneous. *See Nowlin v. State,* 76 Tex. Crim. 480, 175 S.W. 1070, 1072 (1915); *Durrough v. State,* 672 S.W.2d 860, 875 (Tex. App.—Corpus Christi 1984, no pet.); *Moore v. State,* 848 S.W.2d 920, 923 (Tex.App.— Houston [1st Dist.] 1993, pet. ref'd); *Murray v. State,* 857 S.W.2d 806, 811 (Tex.App.— Fort Worth 1993, pet. ref'd). Parenthetically, appellant does not contend either the original or the supplemental charge was erroneous.

We also note that in *Heredia v. State,* 528 S.W.2d 847 (Tex.Crim.App.1975), *overruled on other grounds by Sneed v. State,* 670 S.W.2d 262, 266 (Tex.Crim.App.1984), the court explained that a discussion of the parole law, coming from the trial court in re-sponse to a message from the jury or coming from a juror, after which it is not further discussed, is not such misconduct as to require a new trial. *Id.* at 853. *See also De La Rosa v. State,* 167 Tex.Crim. 28, 317 S.W.2d 544, 546 (1958).

These Texas cases expound basic principles which we think are applicable to the question before us. In addition, although they are not Texas cases, because of the similarity of the questions presented to those courts, we also find persuasive the reasoning and the resulting decisions in *State v. Bullocks,* 2 Kan.App.2d 48, 574 P.2d 243, 248–49 (1978), and *State v. Linden,* 171 Wash. 92, 17 P.2d 635, 642 (1932).

In *Bullocks,* the trial court had received a question from the jury which indicated some confusion on their part. The trial court gave an additional instruction on the question, but refused to grant additional argument. In affirming the trial court's action, the appellate court held the additional instruction merely clarified the charge already given to the jury and, thus, the trial court did not abuse its discretion in giving the additional instruction nor did it err in refusing argument upon it. *Id.*

In *Linden,* after the jury deliberated its verdict for two days, the court gave a supplemental instruction on criminal intent but did not allow additional argument. In affirming the trial court, the higher court held the question whether to allow additional argument upon the supplemental instruction was one within the discretion of the trial court, and it did not abuse that discretion in denying argument.

In sum, we hold that the trial court's action in giving the supplemental instruction was justified and its action in denying additional argument was within its discretion; therefore, the trial court did not abuse its discretion. Thus, in making those decisions, the court did not reversibly err.

Accordingly, appellant's point of error is overruled and the judgment of the trial court affirmed.