Duran v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-247-CR

JOSE NOE DURAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jose Noe Duran appeals from his conviction for sexual assault.  In two issues, he contends that the trial court erred when it improperly restricted his closing argument and overruled his objection to the prosecutor’s comment on his failure to testify.  We will affirm.

In his first issue, appellant complains that the trial court violated his right to counsel by improperly restricting his closing argument.  The improper denial of a jury argument constitutes a denial of the defendant’s right to counsel only when the jury argument is one the defendant is entitled to make.  
McGee v. State
, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989), 
cert. denied
, 494 U.S. 1060 (1990); 
Wilbon v. State
, 961 S.W.2d 9, 11 (Tex. App.—Amarillo 1996, pet. ref'd).  A defendant cannot be deprived of the effective assistance of counsel by actions of the trial court unless those actions prevented counsel from doing something he had the legal right to do.  
Jackson v. State
, 992 S.W.2d 469, 476 (Tex. Crim. App. 1999).

The defendant in a criminal trial should be allowed to argue any defensive theory supported by the evidence admitted at trial.  
Cf. Brown v. State
, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997) (discussing jury instructions available on affirmative defenses).  Counsel may draw all inferences from the facts in evidence that are “reasonable, fair, and legitimate.”  
Melendez v. State
, 4 S.W.3d 437, 442 (Tex. App.—Houston [1
st
 Dist.] 1999, no pet.), 
overruled on other grounds by
 
Small v. State
, 23 S.W.3d 549 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref'd).  However, reference to facts that are neither in evidence nor can be inferred from the evidence is improper. 
 Johnson v. State
, 698 S.W.2d 154, 166 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 871 (1986), 
overruled on other grounds by
 
Mayes v. State
, 816 S.W.2d 79 (Tex. Crim. App. 1991).  

During closing argument, appellant’s attorney pointed out all of the evidence that tended to show that the sexual encounter was consensual and discussed the DNA expert’s testimony.  She then stated, “I’m glad that the DNA person came . . . .  But was it necessary?  No.  The DNA expert was up there, and if it’s a case of consensual sex, which this case is –.”  The prosecutor objected to this statement arguing that there was no evidence of consent.  The trial court sustained the objection and appellant’s attorney rephrased her argument. 

Appellant contends that counsel’s statement that the case involved consensual sex constituted a reasonable inference drawn from the evidence presented.  After reviewing the record, however, we conclude that the trial court properly sustained the State’s objection.   Although the DNA and medical evidence established that A.W. and appellant had had sexual relations, it did not show that A.W. had consented to the encounter.  The only evidence regarding the issue of consent was A.W.’s testimony that she did not consent to have sex with appellant.  Because there is no evidence in the record to suggest that A.W. consented, appellant’s argument was improper.  Therefore, we overrule his first point.

In his second point, appellant complains that the trial court erred in overruling his objection to the prosecutor’s closing argument.  He contends that the prosecutor improperly commented on his failure to testify.  

It is true that the failure of an accused to testify may not be the subject of comment by the State.  
Montoya v. State
, 744 S.W.2d 15, 34 (Tex. Crim. App. 1987) (op. on reh'g), 
cert. denied
, 487 U.S. 1227 (1988), 
overruled on other grounds by Cockrell v. State
, 933 S.W.2d 73 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997); 
Sauceda v. State
, 859 S.W.2d 469, 474 (Tex. App.—Dallas 1993, pet. ref'd).  However, an argument does not impermissibly comment on the accused’s failure to testify unless it calls the jury’s attention to the absence of evidence that only the defendant’s testimony could supply.  
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  Thus, to violate the right against self-incrimination, the offending language must be viewed from the jury's standpoint, and the comment must clearly refer to the defendant's failure to testify.  
Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  It is not sufficient that the language might be construed as an implied or indirect allusion.  
Id
.  The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.  
Id
.  In applying this standard, the context in which the comment was made must be analyzed to determine whether the language used was of such character.  
Id
.

Here, appellant had argued that A.W. claimed she was raped in retaliation for his refusal to buy her a twelve-pack of beer or give her thirty-five cents to make a telephone call.  During the State’s closing argument the prosecutor made the following statement:  “Keeping that in mind, how come Todd’s story was so much like [A.W.’s] that day?  They certainly didn’t have time to line it up.  My goodness, the cops beat Todd there.  She obviously called Todd frantic over a 12-pack of beer or 45 cents for a phone call or whatever explanation they didn’t give you.”  Appellant objected on the ground that the prosecutor’s statement constituted a comment on his failure to testify, but the trial court overruled the objection.  

The prosecutor was merely replying to defense counsel’s attack on A.W.’s credibility.  With this statement, the prosecutor pointed out that, even assuming that appellant’s contentions were true, there was no evidence in the record to explain why A.W. was so frantic when she called Todd.  Therefore, the statement does not constitute a direct comment on appellant’s failure to testify.  We overrule point two. 

Having overruled each of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 7, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.