COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-247-CR
 
JOSE NOE DURAN                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
   STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Jose Noe Duran appeals from his conviction
for sexual assault. In two issues, he contends that the trial court erred when
it improperly restricted his closing argument and overruled his objection to the
prosecutor's comment on his failure to testify. We will affirm.
In his first issue, appellant complains
that the trial court violated his right to counsel by improperly restricting his
closing argument. The improper denial of a jury argument constitutes a denial of
the defendant's right to counsel only when the jury argument is one the
defendant is entitled to make. McGee v. State, 774 S.W.2d 229, 238
(Tex. Crim. App. 1989), cert. denied, 494 U.S. 1060 (1990); Wilbon
v. State, 961 S.W.2d 9, 11 (Tex. App.--Amarillo 1996, pet. ref'd). A
defendant cannot be deprived of the effective assistance of counsel by actions
of the trial court unless those actions prevented counsel from doing something
he had the legal right to do. Jackson v. State, 992 S.W.2d 469, 476
(Tex. Crim. App. 1999).
The defendant in a criminal trial should
be allowed to argue any defensive theory supported by the evidence admitted at
trial. Cf. Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997)
(discussing jury instructions available on affirmative defenses). Counsel may
draw all inferences from the facts in evidence that are "reasonable, fair,
and legitimate." Melendez v. State, 4 S.W.3d 437, 442 (Tex.
App.--Houston [1st Dist.] 1999, no pet.), overruled on other
grounds by Small v. State, 23 S.W.3d 549 (Tex. App.--Houston [1st
Dist.] 2000, pet. ref'd). However, reference to facts that are neither in
evidence nor can be inferred from the evidence is improper. Johnson v. State,
698 S.W.2d 154, 166 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871
(1986), overruled on other grounds by Mayes v. State, 816
S.W.2d 79 (Tex. Crim. App. 1991).
During closing argument, appellant's
attorney pointed out all of the evidence that tended to show that the sexual
encounter was consensual and discussed the DNA expert's testimony. She then
stated, "I'm glad that the DNA person came . . . . But was it necessary?
No. The DNA expert was up there, and if it's a case of consensual sex, which
this case is -." The prosecutor objected to this statement arguing that
there was no evidence of consent. The trial court sustained the objection and
appellant's attorney rephrased her argument.
Appellant contends that counsel's
statement that the case involved consensual sex constituted a reasonable
inference drawn from the evidence presented. After reviewing the record,
however, we conclude that the trial court properly sustained the State's
objection. Although the DNA and medical evidence established that A.W. and
appellant had had sexual relations, it did not show that A.W. had consented to
the encounter. The only evidence regarding the issue of consent was A.W.'s
testimony that she did not consent to have sex with appellant. Because there is
no evidence in the record to suggest that A.W. consented, appellant's argument
was improper. Therefore, we overrule his first point.
In his second point, appellant complains
that the trial court erred in overruling his objection to the prosecutor's
closing argument. He contends that the prosecutor improperly commented on his
failure to testify.
It is true that the failure of an accused
to testify may not be the subject of comment by the State. Montoya v. State,
744 S.W.2d 15, 34 (Tex. Crim. App. 1987) (op. on reh'g), cert. denied,
487 U.S. 1227 (1988), overruled on other grounds by Cockrell v. State,
933 S.W.2d 73 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173
(1997); Sauceda v. State, 859 S.W.2d 469, 474 (Tex. App.--Dallas 1993,
pet. ref'd). However, an argument does not impermissibly comment on the
accused's failure to testify unless it calls the jury's attention to the absence
of evidence that only the defendant's testimony could supply. Fuentes v.
State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528
U.S. 1026 (1999). Thus, to violate the right against self-incrimination, the
offending language must be viewed from the jury's standpoint, and the comment
must clearly refer to the defendant's failure to testify. Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). It is not sufficient that
the language might be construed as an implied or indirect allusion. Id.
The test is whether the language used was manifestly intended or was of such a
character that the jury would necessarily and naturally take it as a comment on
the defendant's failure to testify. Id. In applying this standard, the
context in which the comment was made must be analyzed to determine whether the
language used was of such character. Id.
Here, appellant had argued that A.W.
claimed she was raped in retaliation for his refusal to buy her a twelve-pack of
beer or give her thirty-five cents to make a telephone call. During the State's
closing argument the prosecutor made the following statement: "Keeping that
in mind, how come Todd's story was so much like [A.W.'s] that day? They
certainly didn't have time to line it up. My goodness, the cops beat Todd there.
She obviously called Todd frantic over a 12-pack of beer or 45 cents for a phone
call or whatever explanation they didn't give you."    
`Appellant objected on the ground that the prosecutor's statement constituted a
comment on his failure to testify, but the trial court overruled the objection.
The prosecutor was merely replying to
defense counsel's attack on A.W.'s credibility. With this statement, the
prosecutor pointed out that, even assuming that appellant's contentions were
true, there was no evidence in the record to explain why A.W. was so frantic
when she called Todd. Therefore, the statement does not constitute a direct
comment on appellant's failure to testify. We overrule point two.
Having overruled each of appellant's
points, we affirm the trial court's judgment.
 
                                                          
JOHN CAYCE
                                                       
   CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 7, 2003

1. See Tex. R. App. P. 47.4.