No. 98,629

STATE OF KANSAS, *Appellee,* v. BERNARD EUGENE PRESTON, *Appellant.*

(272 P.3d 1275)

Opinion filed March 23, 2012.

*Christina M. Waugh,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Steven J. Obermeier,* assistant district attorney, argued the cause, and *Stephen M. Howe,* district attorney, *Phill Kline,* former district attorney, and *Steve Six,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Drugs were discovered during a warrantless search inside a vehicle that Bernard Eugene Preston was driving. The only passenger was the car's owner. Preston claimed the drugs were not his. He seeks review of a Court of Appeals decision affirming his convictions. *State v. Preston,* 41 Kan. App. 2d 981, 207 P.3d 1081 (2009).

Preston alleges numerous trial errors, including his claim that the vehicle search was illegal, his prior drug conviction was improperly admitted, and his constitutional rights were violated when

the State used his refusal to consent to a warrantless vehicle search to establish his guilt. We hold that evidence of Preston's prior drug conviction was admitted in violation of K.S.A. 60-455 and *State v. Boggs*, 287 Kan. 298, 197 P.3d 441 (2008) (prior drug use inadmissible when defendant asserts that he or she does not know there are drugs in the vehicle). We reverse and remand for a new trial on that issue, making it unnecessary to reach the remaining claims of error.

## FACTUAL AND PROCEDURAL BACKGROUND

Just before 1:30 a.m. on September 3, 2005, police dispatch notified patrolling officers someone had been stabbed. Dispatch advised that the suspect drove the victim to the Overland Park Regional Medical Center and left the hospital on foot. Someone driving a Cadillac, Suburban, or an Oldsmobile was expected to pick up the suspect near the hospital.

A Lenexa police sergeant, who was patrolling the area alone, immediately drove to a parking lot less than a mile from the hospital and waited. He testified there was very little traffic on the road and within 5 minutes Preston and a female passenger drove past him in a Cadillac. Preston was driving away from the hospital. The sergeant testified that Preston and the passenger both looked at him as they passed, raising the officer's suspicion.

The sergeant followed the vehicle because he was concerned Preston was either the aggravated battery suspect or picking up the suspect. Shortly thereafter, Preston made a left turn without activating his turn signal within 100 feet from the expected turn, in violation of K.S.A. 8-1548(b), which caused the sergeant to stop the vehicle. But the sergeant conceded the traffic stop, although lawfully based, was a pretext for the aggravated battery investigation because there were very few cars on the road at that time, Preston was driving a Cadillac, and the sergeant noticed the Cadillac had tags from a different county.

Once the vehicle was stopped, the sergeant approached the driver's side window, took Preston's driver's license, and questioned the occupants about what they were doing in the area. Preston said they were picking up a relative but refused to tell the

officer the relative's name or where they were meeting. The officer testified he "felt certain . . . they were involved in maybe picking up the suspect who was in the area." He then asked Preston to get out of the car and stand by the trunk but did not immediately administer a weapons pat-down. Instead, the sergeant walked around to speak with the passenger, Demicka Johnson, who said she did not know why they were driving around. She also said she owned the car but insisted that Preston's permission was needed to search it. The officer then returned to the rear of the car to speak with Preston.

At this point, the sergeant conducted a pat-down search for weapons and discovered in Preston's pocket $2,500 in cash folded into $100 increments. The sergeant testified that in his experience drug dealers often keep money in $100 increments, and he thought it was a suspicious amount of money because Preston had said he was unemployed. The sergeant then searched the vehicle's passenger compartment, which he justified at the suppression hearing on officer safety concerns.

The record does not firmly establish the exact sequence of the following events, but it is clear each happened before the initial car search: (1) The sergeant asked Johnson to get out of the car and stand next to it with another officer who had arrived for backup; (2) dispatch notified the sergeant that Preston was under federal supervision for a narcotics charge; (3) the sergeant observed a box of Swisher Sweets cigarillos in the back seat with loose tobacco inside the box, which suggested marijuana use based on his experience; and (4) the sergeant learned another officer had reported observing the aggravated battery suspect on foot nearby, but the sergeant could not remember whether that suspect was in custody before the car was searched. The sergeant claimed his initial protective search of the car for weapons was based on several factors that contributed to his safety concern, including his belief that Preston was picking up the aggravated battery suspect; the officer's experience that aggravated batteries are frequently related to narcotics sales; and the $2,500 found on Preston.

The sergeant testified that while checking the vehicle for weapons he detected a faint odor of burnt marijuana, so he contacted a

K-9 unit to investigate further. After it arrived, the dog showed a strong interest along the front passenger seat but did not alert that it had located any drugs. Following the dog sniff, the sergeant personally conducted the second and more detailed search of the car. And it was at this time that cocaine and marijuana were found in an ashtray in the vehicle's right rear passenger side.

The State charged Preston with possession of cocaine with intent to sell, possession of marijuana, and possession of cocaine without a tax stamp. Preston filed a motion to suppress the drugs and money, challenging the pretextual traffic stop, the pat-down search, and the two warrantless car searches. The district court upheld the constitutionality of the stop and subsequent searches and denied Preston's motion to suppress.

Before trial, the State filed a K.S.A. 60-455 motion seeking to admit evidence that Preston had a prior conviction for conspiracy to possess cocaine with intent to distribute. The State argued it was admissible to prove Preston's knowledge and intent to sell. Preston objected, arguing that the prior conviction was inadmissible because it was immaterial to guilt and overly prejudicial. The district court held the conviction was admissible because this was a constructive possession case and Preston's intent to possess was disputed.

At trial, the prior conviction was noted to the jury several times. The prosecutor referenced Preston's prior conviction during opening statements, the State introduced an affidavit establishing Preston's conviction for conspiracy to possess cocaine with intent to distribute, and the sergeant testified that Preston's prior conviction was one reason he suspected the drugs found in the car belonged to Preston and not Johnson. And while testifying in his own defense, Preston admitted he had pled guilty to the charge, served time in federal prison, and was later released from supervision. Preston also testified he was very young when he committed the drug offense and regretted it.

Also at trial, the sergeant testified that Preston refused to consent to the car search. And during closing arguments, the prosecutor advised the jury that Preston's refusal to consent to the search was evidence Preston possessed the drugs. A jury convicted Pres-

ton of possession of cocaine with intent to sell, possession of marijuana, and possession of cocaine with no tax stamp.

Preston appealed and raised the following issues: (1) The drug evidence and money should have been suppressed because the traffic stop, the pat-down search, and the car searches were unconstitutional; (2) his right to a fair trial was violated because the State admitted evidence Preston refused to consent to the car search and argued this could be considered evidence of his guilt during closing argument; (3) his prior conviction was inadmissible under K.S.A. 60-455; and (4) his sentence was illegal because the State did not prove aggravating factors to the jury.

The Court of Appeals affirmed. *Preston*, 41 Kan. App. 2d 981. Preston petitioned for review with this court, which was granted under K.S.A. 20-3018(b) (review of Court of Appeals decision).

### EVIDENCE OF PRESTON'S PRIOR DRUG CONVICTION WAS INADMISSIBLE

Preston argues evidence of his prior possession of cocaine conviction was admitted in violation of K.S.A. 60-455, citing *Boggs*. He argues the district court improperly held that the prior conviction was admissible to prove intent to sell, even though his intent was not disputed because he claimed the drugs were not his. Preston argues the only purpose for admitting the evidence was to establish a propensity for possessing drugs, which is improper under *Boggs*, 287 Kan. at 317 ("If a person asserts that he or she does not know that there are drugs in a residence [or vehicle], prior use of drugs neither proves nor disproves the validity of that assertion.").

The State argues Preston's intent was disputed because this is a constructive possession case. In the alternative, the State argues admission of the prior conviction evidence was harmless. We hold that the prior conviction was inadmissible under K.S.A. 60-455 because Preston's intent was not in dispute, and we reverse his convictions because the error affected his substantial rights. See K.S.A. 60-261.

*Standard of Review*

The version of K.S.A. 60-455 in effect at the time of the alleged crime and Preston's trial stated:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." K.S.A. 60-455.

Parenthetically, we note this statute was amended, effective April 30, 2009. See L. 2009, ch. 103, sec. 12; K.S.A. 2010 Supp. 60-455. But we will not discuss the amendments because the parties do not argue they are relevant.

Under K.S.A. 60-455, evidence a defendant committed a crime or civil wrong is inadmissible to prove the defendant's propensity to commit the crime charged, but it is admissible if relevant to prove some other material fact. *State v. Inkelaar*, 293 Kan. 414, 423, 264 P.3d 81 (2011) (quoting K.S.A. 60-455). Determining whether evidence was properly admitted under K.S.A. 60-455 requires several tests. *State v. Wells*, 289 Kan. 1219, 1226-27, 221 P.3d 561 (2009); *State v. Gunby*, 282 Kan. 39, Syl. ¶ 3, 144 P.3d 647 (2006).

The court must decide whether the evidence is relevant or has "any tendency in reason to prove a material fact." K.S.A. 60-401(b); *State v. Reid*, 286 Kan. 494, 505, 186 P.3d 713 (2008). Relevant evidence must be material and probative. Material evidence is evidence that " 'has a legitimate and effective bearing on the decision of the case and is in dispute.' " *State v. Garcia*, 285 Kan. 1, 14, 169 P.3d 1069 (2007). This court reviews de novo whether evidence is material. *Reid*, 286 Kan. at 505. Probative evidence is evidence that furnishes, establishes, or contributes toward proof. *State v. Martinez*, 290 Kan. 992, 1009, 236 P.3d 481 (2010). This court reviews the probative element of relevancy under an abuse of discretion standard. Preston bears the burden of proving the court's discretion is abused. See *Reid*, 286 Kan. at 507, 512. Finally, this court must determine whether the evidence's probative value out-

weighs its prejudicial effect. 286 Kan. at 503. This step is also reviewed for an abuse of discretion. 286 Kan. at 512.

If these tests are met and the evidence is admitted, the trial court still must give a limiting instruction to ensure the jury considers the evidence only for the reasons admitted. *Garcia*, 285 Kan. at 12. This process provides safeguards against the danger that this evidence will be considered to prove a defendant's mere propensity to commit the crime charged. *Gunby*, 282 Kan. at 48.

*Is the evidence relevant to prove intent?*

The arguments in this case are nearly identical to those raised in *Boggs*, 287 Kan. 298. And although we note that Preston was convicted of possession with intent to sell while Boggs was convicted of simple possession, the State does not argue this makes any difference in our analysis and argues Preston's case as if it were another nonexclusive constructive drug possession case like *Boggs*. Accordingly, we will address Preston's case based on the State's arguments as presented. The question then is whether *Boggs* is analogous and whether the Court of Appeals erred by following *State v. Faulkner*, 220 Kan. 153, 551 P.2d 1247 (1976) (when defendant's intent to possess drugs was substantially in dispute, evidence of defendant's prior conviction for possession of controlled substances was properly admitted).

Admittedly, this court decided *Boggs* after Preston's trial concluded so the district court could not benefit from its analysis. But *Boggs* was issued before Preston's appeal was briefed and argued to the Court of Appeals, and yet the parties failed to cite the decision in their Court of Appeals briefs, and that court did not address it either. We therefore do not have the benefit of the Court of Appeals' analysis on this first critical issue in the case. We begin by summarizing *Boggs* and *Faulkner*.

In *Boggs*, the defendant was the only passenger in a truck stopped on suspicion that the driver was under the influence of alcohol. Neither the driver nor Boggs owned the truck. A pipe containing burnt marijuana residue was discovered underneath the truck's passenger seat. Boggs admitted during the traffic stop that he had smoked marijuana the previous month. He was charged

with possession of marijuana and misdemeanor possession of drug paraphernalia. At trial, Boggs claimed the pipe and drugs were not his, so the issue was whether his statement that he used marijuana a month earlier was admissible under K.S.A. 60-455 to prove his intent, knowledge, or absence of mistake or accident to possess the drugs and paraphernalia. We focus on the allegation that it was relevant to prove Preston's intent in this case because the State contends it was relevant to prove that element of its charge against him.

The State argued in *Boggs* that the defendant's intent is always a disputed, material fact in constructive possession cases—the same assertion the State makes in Preston's case. The *Boggs* court agreed that intent is an element of possession of marijuana and drug paraphernalia, but that alone did not necessarily render it material in every case because intent is not always disputed. See 287 Kan. at 311, 315. This court then drew what amounts to a bright-line rule that intent is not disputed if a defendant claims he or she is innocent and did not possess the drugs. The *Boggs* court held that the defendant's admission of prior drug use was not admissible when the defendant denied ever having possessed the drugs. 287 Kan. at 315-16. We explained that under those circumstances, the only purpose for admitting Boggs's statement about prior use was to improperly establish his alleged propensity for using marijuana. We found:

"The only conceivable connection between the two events [prior use and possession] is an assumption that because [the defendant] used marijuana in the past, it was probable that he would use it again in the future and thus possess the pipe. *This is propensity evidence and is precisely what K.S.A. 60-455 was designed to prevent.*" (Emphasis added.) 287 Kan. at 317 (citing *Gunby*, 282 Kan. at 47-48).

The arguments and facts in Preston's case seem to dovetail with the holding in *Boggs* because the district court held Preston's prior conviction was admissible to establish his intent—even though Preston claimed the drugs were not his. Under *Boggs*, the prior conviction evidence was not admissible. But we must also examine *Faulkner* since the Court of Appeals relied upon it.

In that case, Faulkner was a passenger in a car containing a hypodermic needle, a small bag of pills on the passenger side floor-

board, and another bag of amobarbital in the glove box. Faulkner was charged with possession with intent to sell. At trial, the State admitted evidence that Faulkner had a prior conviction for possession of a controlled substance. On appeal, Faulkner argued the prior conviction was inadmissible under K.S.A. 60-455, but this court held it was admissible because it was offered to prove the specific intent for possession when the intent to exercise control over the drugs was disputed. 220 Kan at 157; see *Boggs*, 287 Kan. at 312. The *Boggs* court distinguished *Faulkner*, holding that the critical difference was that prior crime or bad act evidence is only admissible if the defendant disputes the material fact in issue. See 287 Kan. at 311, 315. A comparison of the facts and defense theory raised in Preston's case leads us to conclude that this court's analysis in *Boggs* controls and the Court of Appeals erred by following *Faulkner*.

In summary, this court has adopted a rule that distinguishes between cases in which the defendant acknowledges but attempts to provide an innocent explanation for his or her actions and those in which the defendant disputes the allegations outright. As we stated in *Boggs*: "[T]he defendant's use of a controlled substance is not a factor that is automatically admissible as an exception to the specific mandates of K.S.A. 60-455." 287 Kan. at 318; see also *Wells*, 289 Kan. at 1231-32 (applying *Boggs* in an aggravated criminal sodomy case to hold prior bad acts were inadmissible since the defendant denied touching the victim); *State v. Cook*, 45 Kan. App. 2d 468, 474, 249 P.3d 454 (2011) (following *Boggs*); *State v. Diaz*, No. 100,735, 2010 WL 481258 (Kan. App. 2010) (unpublished opinion) (following *Boggs*), *rev. granted* 293 Kan. ____ (January 20, 2012) (pending).

Applying that same analysis here, we hold that Preston's prior conviction was not admissible under K.S.A. 60-455 and *Boggs* because he disputed the drugs were his. The remaining issue is whether the admission of the prior conviction was harmless error.

*The error was not harmless*

The improper admission of evidence under K.S.A. 60-455 is not automatically reversible. *Boggs*, 287 Kan. at 318. Under K.S.A. 60-

261, an evidentiary error is only reversible if the party's substantial rights were violated. See *State v. Ward*, 292 Kan. 541, Syl. ¶¶ 5-6, 8, 256 P.3d 801 (2011). K.S.A. 60-261 states:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

See K.S.A. 2010 Supp. 60-261 (amended in 2010; substantially same language).

Preston argues the error was not harmless. He notes that any evidence of his guilt was not direct or overwhelming because the drugs were in the back seat on the passenger's side and there was evidence other people were in the car that night. The State carries the burden to demonstrate there is no reasonable probability that the error affected the trial's outcome in light of the entire record because it was the beneficiary of this nonconstitutional error. See *State v. McCullough*, 293 Kan. 970, Syl. ¶ 9, 270 P.3d 1142 (2012). The State presents two arguments for why the K.S.A. 60-455 error was harmless.

First, the State argues Preston testified about the conviction during trial, but this claim is immediately suspect and lacks merit. Preston lodged a continuing objection to admitting evidence of his prior conviction. And it was only after his objection was overruled and the evidence admitted that Preston was forced to adopt a trial strategy in which he acknowledged the prior offense and attempted to persuade the jury it was an isolated occurrence. The defendant's action can only be seen as an act of mitigation from the trial error caused by the State's earlier effort to admit the prior conviction. The sequence of trial events preceding the defendant's testimony makes the State' argument illogical and cannot provide grounds to render the trial error harmless.

Second, the State argues it was harmless error because the evidence of Preston's guilt was direct and overwhelming, citing the $2,500 in his pocket despite being unemployed, the fact he was in a car that contained the drugs, his refusal to tell the officer where

he was going, and his proximity to the drugs. But most of that evidence could just as easily establish that the drugs belonged to Johnson, not Preston. Both were in the car, both provided evasive responses to the officer's questions, and both were in close proximity to the drugs. And since Preston's prior conviction was inadmissible, the strongest evidence of Preston's guilt was the cash, and that detail alone does not establish the necessary elements for the crime charged.

Under these circumstances, we find there is less evidence of Preston's guilt than was presented in *Boggs*, in which this court held the error was prejudicial. 287 Kan. at 319. The *Boggs* court, after excluding the prior conviction evidence, noted that the only remaining evidentiary link between the defendant and the pipe was the officer's testimony the defendant smelled of marijuana and the driver's extensive trial testimony that the pipe belonged to the defendant. But the court discounted the driver's testimony as lacking credibility because he was the only other person in the truck, which belonged to his father. From this, the court held it was impossible to conclude the jury did not base its verdict on the prior drug use, stating:

"We cannot discount the very real possibility that the jury was swayed by this prior drug experience and concluded on the basis of the improperly admitted evidence that the defendant was guilty of the crime charged solely based on his previous behavior. In short, we do not believe that the erroneous admission of defendant's prior drug use was harmless." *Boggs*, 287 Kan. at 319.

We hold the error here was not harmless. We reverse the Court of Appeals and remand for a new trial. We need not address Preston's remaining claims given our disposition on the first issue.

Judgment of the Court of Appeals affirming the district court is reversed in part. Judgment of the district court is reversed and remanded.

MORITZ, J., not participating.

DANIEL A. DUNCAN, District Judge, assigned.