NOT DESIGNATED FOR PUBLICATION

No. 111,941

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NASH W. RATHBUN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed October 2, 2015.
Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Matthew W. Ricke*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam*: The sole issue in this appeal is defendant's claim that the trial court erred by admitting evidence of two prior "bad acts" under K.S.A. 60-455(b). We find no error and affirm defendant's convictions.

FACTS

On the afternoon of August 9, 2013, law enforcement officers from the Kingman County Sheriff's Department and Kingman Police Department were dispatched to a residence in Norwich, Kansas, to serve an arrest warrant on James Scott Loman. Six

1

uniformed officers arrived at the scene driving clearly marked police vehicles. As the officers approached the residence, they observed that the garage door was slightly open. The garage door proceeded to close and then open completely, revealing a blue Honda passenger car inside. Upon seeing the car's reverse lights come on, the officers identified themselves and shouted for the car to stop.

Despite the fact that the driver's side window was approximately halfway down, the car did not stop and instead accelerated quickly out of the garage and down the driveway towards Deputy Marion Williams. Williams continued to shout commands at the car to stop and fired shots as the car nearly struck him. The car backed out of the driveway and sped away, leading all of the officers at the scene on a 15-minute chase that reached a speed of 80 miles per hour. The chase finally ended after a deputy's patrol truck rammed the car. The driver of the car was identified as Rathbun.

Rathbun was subsequently charged with aggravated assault on a law enforcement officer, felony fleeing or attempting to elude a police officer, and driving while a habitual violator.

Prior to trial, the State filed a motion to introduce evidence of Rathbun's prior bad acts pursuant to K.S.A. 60-455(b). Specifically, the State sought to admit three prior instances where Rathbun fled after being confronted by law enforcement, arguing that this evidence was relevant to prove Rathbun's intent, lack of mistake, and knowledge as to the current crimes. For support, the State noted that during a police interview, Rathbun had brought into question his mental state at the time of the present offenses. By presenting evidence of these prior acts, the State sought "to establish a consistent method by which the Defendant escapes capture by law enforcement." Defense counsel objected to the admission of this evidence, arguing that the material facts were not at issue and that any probative value was outweighed by the prejudice that would result from admission of the evidence. The district court granted the State's motion in part, holding the State could

2

admit evidence relating to two of the three incidents to prove intent, plan, and lack of mistake or accident.

At trial, the jury heard testimony about the two prior incidents where Rathbun fled after being confronted by law enforcement. A jury convicted him of fleeing or attempting to elude a police officer and driving while a habitual violator but acquitted him of the aggravated assault charge. The district court sentenced Rathbun to a controlling 13-month prison sentence. Rathbun timely appeals.

ANALYSIS

In his only issue on appeal, Rathbun argues the district court erred when it granted the State's motion allowing the admission of prior bad acts evidence under K.S.A. 60-455. Rathbun claims that this evidence was not relevant to a disputed material fact and was unduly prejudicial.

K.S.A. 2014 Supp. 60-455 states that evidence of other crimes or wrongdoing "is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." A three-part test governs whether evidence about a person's other crimes or wrongdoing may be admitted pursuant to K.S.A. 2014 Supp. 60-455:

> "First, the district court must determine whether the fact to be proven is material, meaning that this fact has some real bearing on the decision in the case. The appellate court reviews this determination independently, without any required deference to the district court.
> "Second, the district court must determine whether the material fact is disputed and, if so, whether the evidence is relevant to prove the disputed material fact. In making this determination, the district court considers whether the evidence has any tendency in

3

reason to prove the disputed material fact. The appellate court reviews this determination only for abuse of discretion.

"Third, if the fact to be proven was material and the evidence was relevant to prove a disputed material fact, then the district court must determine whether the probative value of the evidence outweighs the potential for undue prejudice against the defendant. The appellate court also reviews this determination only for abuse of discretion.

"If the evidence meets all of these requirements, it is admitted, but in a jury trial the district court must give the jury a limiting instruction telling the jury the specific purpose for which the evidence has been admitted (and reminding them that it may only be considered for that purpose)." *State v. Torres*, 294 Kan. 135, 139-50, 273 P.3d 729 (2012).

Here, the State sought to introduce evidence involving prior incidents where Rathbun had fled after being confronted by law enforcement. At a pretrial hearing on the State's K.S.A. 60-455 motion, the State presented the following evidence relating to incidents in Sumner County and Harper County.

*Sumner County incident*

The first incident occurred at the Kansas Star Casino on June 30, 2013, and involved a deputy sheriff who was patrolling in the area. A casino patron advised Sumner County Sheriff's Deputy Rebecca Mendoza that a man in a white utility truck in the parking lot had a screwdriver and was "messing" with speakers. Mendoza and two gaming agents located the truck and made contact with a man, later identified as Rathbun, who was loading wooden traffic barricades from the parking lot into the back of his truck. Mendoza, who was dressed in full police uniform, asked Rathbun what he was doing. Rathbun responded that he thought the barricades were free and put them back. When Mendoza asked Rathbun to produce identification, Rathbun walked towards the truck, got inside, and started to drive away. Despite Mendoza's instructions to stop, Rathbun drove off at a high rate of speed, striking one of the gaming agents in the process. Mendoza

4

pursued Rathbun in her patrol vehicle but lost track of him in the parking lot and was unable to catch up with him.

*Harper County incident*

The second incident occurred on August 3, 2013, when Harper County Sergeant Deputy Don Evans observed Rathbun in the driver's seat of a car parked at a Casey's General Store. Evans was aware that Rathbun had an outstanding warrant, so he followed Rathbun out of the parking lot. Evans, who was driving a clearly marked patrol vehicle, attempted to make contact with Rathbun by pulling in behind him. Rathbun accelerated quickly and drove away. After Evans activated his emergency lights, Rathbun continued to speed away in excess of 90 miles per hour, and Evans was ultimately unable to apprehend Rathbun.

*The evidence was material*

Our analysis begins with a de novo review of the district court's finding that Rathbun's prior bad acts were material to an issue in the case. "Material evidence is evidence that '"has a legitimate and effective bearing on the decision of the case and is in dispute."' [Citation omitted.]" *State v. Preston*, 294 Kan. 27, 32, 272 P.3d 1275 (2012). In finding that evidence of the prior incidents was material, the district court noted that the incidents each involved uniformed police officers in official vehicles and evidence of a similar method of reacting to law enforcement direction.

Rathbun contends that the prior incidents were not material to the charges in this case because the prior incidents did not involve a claim that he attempted to strike either Deputy Mendoza or Sergeant Deputy Evans. Rathbun's argument is without merit. The prior incidents, like the present charges, each involved uniformed and easily identifiable law enforcement officers who gave commands to Rathbun. In each instance, Rathbun

5

drove an automobile recklessly and at high rates of speed to elude these officers, as he did in this case. Additionally, there was evidence presented that Rathbun struck one of the gaming agents with his car as he fled from the casino in Sumner County. Thus, this evidence had a legitimate and effective bearing on the case and the district court properly found it to be material.

*The evidence was probative*

Next, we focus on whether the district court abused its discretion in finding the material facts were disputed and that the evidence of the prior incidents was relevant to prove the disputed facts. A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1595 (2012). Rathbun bears the burden of proving the district court abused its discretion. See *Preston,* 294 Kan. at 32. Probative evidence is "evidence that furnishes, establishes, or contributes toward proof." 294 Kan. at 32. The district court found that the prior incidents were relevant to the disputed material issues of intent, lack of mistake or accident, and Rathbun's plan to run whenever he was confronted by law enforcement.

Rathbun argues that intent, plan, or absence of mistake or accident were not material facts that were in dispute because he never offered an innocent explanation for the charged conduct. Contrary to Rathbun's argument, however, intent, plan, or the absence of any mistake or accident were disputed material facts. As noted in the State's K.S.A. 60-455 motion, during an interview with KBI Agent Jeff Newsum, Rathbun indicated that he did not know that law enforcement was at the scene and suggested that he had looked in all of his mirrors but did not see anybody as he backed out of the driveway. Moreover, at trial, defense counsel argued that there was no evidence that Rathbun saw any officers when he was backing out of the driveway. And defense counsel's cross-examination of some of the officers suggested that Rathbun had not heard

6

their commands to stop. Evidence of the prior incidents tended to refute Rathbun's suggestion that his actions were innocent or mistaken. By admitting these prior acts, the State was able to show evidence of Rathbun's intent, plan, and absence of mistake or accident when he accelerated out of the garage towards uniformed law enforcement officers and fled the scene at a high rate of speed. Thus, the district court did not abuse its discretion in finding that the prior incidents were relevant to prove the disputed issues of Rathbun's intent, plan, and absence of any mistake or accident.

*The evidence was not unduly prejudicial*

Finally, even when evidence is both probative and material, the district court must still determine whether the probative value of the evidence outweighs its potential for producing undue prejudice. *State v. Wilson*, 295 Kan. 605, Syl ¶ 1, 289 P.3d 1082 (2012). Appellate courts also review this determination for abuse of discretion. 295 Kan. 605, Syl. ¶ 1. To demonstrate an abuse of discretion, it is not enough to show that the evidence was prejudicial; rather, Rathbun must "show that unfair or undue prejudice arising from the admission of the evidence substantially outweighed its probative value." See *State v. Vasquez*, 287 Kan. 40, 53, 194 P.3d 563 (2008).

Rathbun argues the admission of the evidence was prejudicial because it suggested to the jury that he was a danger to the community and a general wrongdoer who was deserving of punishment. He contends the fact that the jury acquitted him of the aggravated assault charge suggests that it was less than convinced by the State's evidence. He alleges the admission of the prior bad acts burdened his defense with defending unproven accusations and it merely served to prove Rathbun's propensity for running away from police officers and endangering the public. We find no merit in these arguments.

7

While it is true that the jury's acquittal on the aggravated assault charge suggests the jury was not convinced by the State's evidence, it is fair as well to conclude that the not guilty finding shows that the prejudicial impact of the evidence did not outweigh its probative value. As set forth in the limiting instruction, the trial court permitted the jury to consider the prior bad acts evidence in connection with the aggravated assault charge. It is evident that the jury followed the court's limiting instruction because the jury acquitted defendant of the aggravated assault charge—the jury did not use the evidence to conclude Rathbun was a "general wrongdoer who was deserving of punishment" and therefore find him guilty of aggravated assault. The not guilty verdict is evidence that there was no overriding prejudicial impact from the admission of the evidence.

When considering prejudice, our Supreme Court has recently found: "[W]e cannot ignore the district court's limiting instruction to the jury to consider the evidence only for the purposes of identity and plan, and we presume the jury followed that instruction." *Wilson,* 295 Kan. at 621. Similarly, here the district court gave a limiting instruction to the jury to consider the evidence solely for the purpose of proving Rathbun's intent, plan, or absence of mistake or accident with respect to the charges of aggravated assault and fleeing and eluding.

Finally, it is significant that the State presented ample evidence in this case of Rathbun's guilt. See *Vasquez*, at 287 Kan. at 53 (noting that the State presented convincing circumstantial evidence in the court's balancing of probative value and prejudicial effect). Given the probative nature of the evidence of the prior incidents of Rathburn fleeing from law enforcement, the limiting instruction given, and the ample evidence against Rathbun, the district court did not abuse its discretion in determining that the probative value of the evidence was not outweighed by the potential for undue prejudice.

*Conclusion*

The evidence of Rathbun's prior encounters with law enforcement had a legitimate and effective bearing on the case and was therefore material. Like the present charges, each incident involved uniformed and easily identifiable law enforcement officers who gave commands to Rathbun. In each instance, Rathbun drove an automobile recklessly and at high rates of speed to elude these officers, as he did in this case. This evidence was probative in that it tended to show his actions may not be consistent with the explanation he gave police in his statement. The State's use of this evidence was warranted because Rathbun placed intent, plan, and absence of mistake or accident into question. Moreover, any prejudicial effect of the admission of this evidence was outweighed by its probative value. Therefore, the district court did not err in granting the State's K.S.A. 60-455 motion with respect to the Sumner County and Harper County incidents.

Affirmed.