NOT DESIGNATED FOR PUBLICATION

No. 120,076

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MILES P. MCKEE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Opinion filed October 18, 2019.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek
Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: On September 17, 2012, the State charged Miles McKee with
criminal nonsupport of his children under K.S.A. 21-3605(a)(1) and K.S.A. 2012 Supp.
21-5606(a)(1), alleging he failed to pay child support from May 1, 2009, to September 6,
2012. McKee first appeared before the district court on these charges five years later.

Before trial, the State filed a motion to admit evidence pursuant to K.S.A. 60-455.
The motion sought to introduce into evidence McKee's prior 2003 conviction for criminal
nonsupport. At a pretrial hearing before District Judge Thomas M. Sutherland, defense

1

counsel objected to the admission of the prior crimes evidence, arguing that the evidence was highly prejudicial and lacked probative value because of its remoteness from the events of the instant case. The district court ruled:

"THE COURT: And at this time I will formally overrule your objection and obviously subject to it being raised contemporaneously based on how the evidence is coming in.

"DEFENSE COUNSEL: Sure.

"THE COURT: And you might want to, before the trial starts, informally visit with Judge Hauber about that issue, what the arguments were and that I have overruled your objection, so that that evidence will be allowed, again, subject to a contemporaneous objection during the trial if you believe it appropriate.

"Did I pretty well capsulize that . . . is the evidence admissible to refute any claim of mistake, or prove motive, prove intent?

"PROSECUTOR: You took the words out of my mouth, Judge."

District Judge David W. Hauber presided over the jury trial. Just before opening statements and outside the presence of the jury, defense counsel lodged a continuing objection to introduction into evidence of McKee's prior criminal nonsupport conviction:

"DEFENSE COUNSEL: I wanted to go ahead and make a continuing objection to the admission of the 60-455 evidence of Mr. McKee's conviction because I do know that it's coming in. I do plan on addressing that not only in the openings, so I want to make that objection clear on the record now before we get into it.

"THE COURT: Okay. The State acknowledges it, so you can do so."

The State proceeded with its opening statement, during which it did not refer to the prior conviction of criminal nonsupport. During McKee's opening statement, however, defense counsel referred to the prior conviction of nonsupport as follows:

"The State will not present any evidence that tells you why Mr. McKee did not make those payments. Instead, the State will offer to the fact that five years prior to the

2

date at issue in this case, Mr. McKee pled guilty to and was convicted of failing to pay child support in a separate case. The State hopes that with that knowledge you'll jump to the conclusion that Mr. McKee intentionally failed to pay child support during the period of time in this case.

. . . .

"Throughout this trial, I urge you to listen for what isn't said. Look for the holes and don't jump to conclusions. At the end of this trial, I'm going to ask you to find Mr. McKee not guilty because the State will not have been able to prove to you that Mr. McKee intentionally chose not to provide for his children."

During the State's case-in-chief, an employee of the child support collection agency testified that McKee had failed to pay his child support. The employee noted that McKee only had paid $67.78 of around $34,500 of child support he owed from May 2009 to September 2012, the charged dates in this case. Next, McKee's ex-wife and mother of his children testified about the financial consequences to herself and her children due to McKee's failure to pay child support. She also testified that she was aware of McKee's prior 2003 conviction for failure to pay child support based on the same obligation. This was the only evidence produced regarding McKee's prior conviction. No contemporaneous objection was made when the State introduced this evidence.

McKee did not present any evidence.

After the close of evidence and arguments of counsel, the district court presented the jury a limiting instruction regarding evidence of the prior conviction: "Evidence has been admitted tending to prove that the defendant committed a crime other than the present crime charged. It may be considered solely as evidence of the defendant's motive, intent, plan, knowledge and/or absence of mistake or accident."

The jury convicted McKee of failure to pay child support. The district court sentenced him to 11 months in jail but granted 12 months of probation. The court also

3

ordered McKee to pay $34,412.22 in restitution. McKee filed a motion for judgment of acquittal, arguing the State had failed to provide evidence that he had the criminal intent necessary to support the charge. The district court denied this motion. McKee appeals.

ANALYSIS

McKee argues, for the first time on appeal, that the district court committed reversible error in allowing the State to introduce evidence of his previous conviction for nonsupport under K.S.A. 60-455.

A court's analysis of whether evidence is admissible under K.S.A. 60-455 requires several steps. First, the court must determine whether the evidence is relevant to prove a material fact, e.g., whether the fact concerns intent, motive, knowledge, or identity. Appellate review for materiality is de novo, and the list of material facts in K.S.A. 60-455 is exemplary rather than exclusive. See *State v. Gunby*, 282 Kan. 39, Syl. ¶¶ 1-3, 144 P.3d 647 (2006). Second, the court must determine whether the material fact is in dispute. If it is in dispute, the district court must then determine whether the evidence is relevant to prove the disputed material fact. Appellate courts review the district court's relevance determination for abuse of discretion. Third, the district court must determine whether the probative value of the evidence outweighs the potential for creating undue prejudice. Appellate review of this determination is also for abuse of discretion. Finally, if the court decides to allow introduction of the evidence, the court must give a limiting instruction notifying the jury of the specific purpose for the admission of the K.S.A. 60-455 evidence. *State v. Riojas*, 288 Kan. 379, 383, 204 P.3d 578 (2009).

If the district court misses a step or fails to complete a step, the failure does not necessarily mean automatic reversal. "[T]he admission of K.S.A. 60-455 evidence without the explicit relevance inquiries, particularized weighing of probative value and

4

prejudicial effect, or prophylactic limiting instruction is not inevitably so prejudicial as to require automatic reversal. On the contrary it may be harmless." *Gunby*, 282 Kan. at 57.

In this case, the district court permitted the State to introduce the prior crimes evidence during the State's case-in-chief. The evidence was introduced to prove that McKee recklessly, knowingly, or intentionally refused to pay child support, which is an essential element of the crime charged. But McKee argues that, when this evidence was offered by the State, there was no material fact in dispute. Because this step was not met, McKee argues it was error for the district court to allow the State to introduce the evidence when it did.

But the State contends the district court did not commit error because McKee was the first party to inform the jury that he had a prior conviction for nonsupport of a child. The State points out that McKee's prior conviction was not mentioned during the State's opening statement but during his own opening statement, when defense counsel told the jury that Miles had a prior conviction for nonsupport of a child:

> "[T]he State will offer to the fact that five years prior to the date at issue in this case, Mr. McKee pled guilty to and was convicted of failing to pay child support in a separate case. The State hopes that with that knowledge you'll jump to the conclusion that Mr. McKee intentionally failed to pay child support during the period of time in this case."

If we ignore the information presented to the jury by defense counsel in McKee's opening statement, we agree with McKee that there was no material fact in dispute when the State elicited testimony of McKee's prior crime of criminal nonsupport: the defense had not presented its case yet and McKee had not made any prior statements to show that a material fact was in dispute. But we cannot ignore the fact that defense counsel preemptively informed the jury in her opening statement that McKee had a prior conviction for criminal nonsupport. So it appears, at least for purposes of deciding whether the district court erred, the question presented is whether the district court's

5

mistakenly allowed the State to introduce evidence of McKee's prior crime when the fact of the prior conviction already had been presented to the jury by defense counsel, albeit in the context of an opening statement and not the presentation of evidence.

The fact that defense counsel referred to the prior conviction in opening statement as opposed to eliciting it from a witness during the presentation of evidence weighs in favor of finding error. But there also are facts that weigh against a finding of error. Significantly, the record is clear that McKee's theory of defense was that the State could not prove that he willingly refused to pay his child support. He raised it prior to trial, during opening statements, and on the cross-examination of the child support collection agent and Christina McKee. As defense counsel specifically argued in closing, the crucial element of this case was criminal intent. In other words, the State's major hurdle was proving that McKee failed to provide child support intentionally, knowingly, or recklessly. See PIK Crim 4th 56.100. The jury instructions provided:

> "The State must prove that the defendant intentionally, knowingly or recklessly committed the crime of nonsupport of a child.
> "A defendant acts intentionally when it is the Defendant's desire or conscious objective to do the act complained about by the State or cause the result complained about by the State.
> "A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about, or is aware of the circumstances in which he is acting or is aware that his conduct was reasonably certain to cause the result complained about by the State.
> "A defendant acts recklessly when the defendant consciously disregards a substantial and unjustifiable risk that certain circumstances exist or a result of the defendant's actions will follow."

Defense counsel argued to the jury that the "intent" element was included to prevent those who could not pay from being convicted for their failure to pay their child support. "It's not until there's clear evidence that an individual is purposefully ignoring a court order that this becomes an issue for the criminal courts." Counsel argued that the

6

State failed to establish that McKee purposefully did not pay his child support. "The State has to present evidence from which you can infer, either through the words or actions of Mr. McKee, that he made a conscious choice not to pay child support."

Defense counsel then argued that McKee's previous conviction for criminal nonsupport did not shed light on the current case. "The previous conviction happened five years before the dates at issue here. That's a long gap. A lot can happen in just a day, much less than five years, with someone's physical well-being, their mental well-being, their ability to work." Because the nonpayment of support is a crime of omission, counsel argued "it's impossible to know from Mr. McKee's failure to act what he intended, whether he simply couldn't pay for whatever reason or whether he intentionally chose not to pay child support."

At the end of the day, we find it unnecessary to decide whether the district court erred because even if it did, the error was harmless. "Under K.S.A. 60-261, an evidentiary error is only reversible if the party's substantial rights were violated." *State v. Preston*, 294 Kan. 27, 35-36, 272 P.3d 1275 (2012) (citing *State v. Ward*, 292 Kan. 541, Syl. ¶¶ 5-6, 8, 256 P.3d 801 [2011]). K.S.A. 60-261 states:

"'No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.'" *Preston*, 294 Kan. at 36.

"The State carries the burden to demonstrate there is no reasonable probability that the error affected the trial's outcome in light of the entire record because it was the

7

beneficiary of this nonconstitutional error." *Preston*, 294 Kan. at 36 (citing *State v. McCullough*, 293 Kan. 970, Syl. ¶ 9, 270 P.3d 1142 [2012]).

We find the State has carried its burden to prove there is no reasonable probability that any error affected the trial's outcome. There was significant evidence introduced at trial from which a jury could have found McKee intentionally failed to pay the child support. See *State v. Childers*, 222 Kan. 32, 37, 563 P.2d 999 (1977) (fact-finder may infer intent by circumstantial evidence). The State presented evidence that McKee was aware of the payments during the charged time period because he paid $36.29 in August 2009 and $31.49 in April 2012. The State also presented evidence that McKee paid $30,720 in 2008. Further, the State presented evidence that McKee's wife and the child support collection agent attempted to collect child support by, among other methods, finding McKee's employer, but they did not succeed. Finally, the court had issued a contempt order against McKee, but that failed as well.

So assuming, without deciding, that the district court erred in allowing the State to introduce McKee's prior conviction during its case-in-chief, we find the State successfully bore its burden to prove the error was harmless, and no reasonable probability existed that the result of the trial would have changed had the prior conviction not been introduced.

Affirmed.

8